**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2307 & 23-2308
_____

In re: RONALD WILLIAM KIPPS,

Debtor
_____

RONALD WILLIAM KIPPS,

Appellant

v.

MARGARET STINAVAGE-KIPPS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 3:22-cv-00898 & 3:22-cv-01564)
District Judge: Honorable Malachy Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on May 7, 2024

Before: PORTER, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*

(Filed: June 7, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Ronald Kipps appeals from two Bankruptcy Court orders: (1) denying reconsideration of its order granting summary judgment to Margaret Stinavage-Kipps in Kipps's adversary proceeding for alleged violations of the "automatic stay" under 11 U.S.C. § 362; and (2) denying confirmation of Kipps's bankruptcy plan, overruling Kipps's objection to Stinavage-Kipps's bankruptcy claim, and granting Stinavage-Kipps relief from the automatic stay. We will affirm.

I

In 2012, Kipps and Stinavage-Kipps commenced a civil action for divorce in the Pennsylvania Court of Common Pleas, Susquehanna County ("State Court"). The State Court issued a divorce decree in 2017. Along with the decree, the State Court ordered an equitable distribution of the marital estate ("Equitable Distribution Order"), under which Kipps was required to convey certain real property and pay $419,871.09 to Stinavage-Kipps. Kipps appealed the Equitable Distribution Order to the Pennsylvania Supreme Court, which declined to hear his appeal in February 2019. Still, Kipps refused to comply with the Equitable Distribution Order. So Stinavage-Kipps petitioned the State Court to direct the Susquehanna County Prothonotary to execute deeds to the real property on Kipps's behalf. Before the State Court held a hearing on Stinavage-Kipps's petition, Kipps filed for bankruptcy in April 2019, triggering an "automatic stay" under 11 U.S.C. § 362. Nevertheless, the State Court ordered the Prothonotary to execute the deeds in May 2019, concluding that its order was a "ministerial act" that was not barred by the automatic stay. That same day, the State Court ordered Kipps to appear for a contempt

2

hearing in June 2019. The State Court eventually held Kipps in contempt, finding that his repeated disregard for its orders was offensive to its dignity.

In Bankruptcy Court, Kipps brought an adversary proceeding against Stinavage-Kipps for alleged violations of the automatic stay. *See* § 362(k)(1) (providing a cause of action for "any willful violation of a stay"). As relevant to this appeal, Kipps's complaint alleges two violations of the stay: the State Court's orders directing (1) the Prothonotary to execute the deeds and (2) Kipps to appear for a contempt hearing. The Bankruptcy Court granted summary judgment to Stinavage-Kipps on Kipps's claims. It found that the State Court's order directing the Prothonotary to execute deeds was a "ministerial act" that was not stayed. And it found that the State Court was solely responsible for the order directing Kipps to appear for contempt proceedings, such that Stinavage-Kipps did not violate the stay. App. 28 ("The issue of contempt was clearly driven by the State Court's frustration with the Debtor/Plaintiff and not by the Wife/Defendant."). The Bankruptcy Court denied Kipps's motion for reconsideration. And the District Court affirmed the Bankruptcy Court's denial of Kipps's motion for reconsideration.

Separately, the Bankruptcy Court ruled for Stinavage-Kipps on three issues related to Kipps's bankruptcy proceedings. It denied confirmation of Kipps's Fifth Amended Plan because Kipps did not show "cause" to pay out claims to his creditors over a period longer than three years, as required by 11 U.S.C. § 1322(d)(2). It overruled Kipps's objection to Stinavage-Kipps's claim for $419,871.09, the cash value awarded to her under the Equitable Distribution Order, plus interest. And it granted Stinavage-Kipps

3

relief from the automatic stay under § 362(d) to pursue her rights under the Equitable Distribution Order. The District Court affirmed in full.

Kipps appealed from the two District Court orders.[1]

## II

We exercise plenary review over the District Court's orders. *See In re Trans World Airlines, Inc.*, 145 F.3d 124, 130 (3d Cir. 1998). In effect, we review the Bankruptcy Court's orders as if we were standing in the District Court's shoes. *See id.* at 131.

## A

For the Bankruptcy Court's first order, Kipps appealed from its denial of his motion for reconsideration, not from its underlying grant of summary judgment to Stinavage-Kipps. We review the Bankruptcy Court's denial of reconsideration for abuse of discretion. *See McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005). The Bankruptcy Court abused its discretion only if its order was "arbitrary, fanciful, or clearly unreasonable—in short, where no reasonable person would adopt the . . . court's view." *In re VistaCare Grp., LLC*, 678 F.3d 218, 232 (3d. Cir. 2012) (alteration in original) (quoting *United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010)).

The District Court correctly held that the Bankruptcy Court did not abuse its discretion. The State Court's order directing the Prothonotary to execute deeds did not violate the automatic stay because it was the continuation of a civil action "for the dissolution of a marriage" and therefore exempt from the stay. § 362(b)(2)(A)(iv). And

---

[1] We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291.

4

the State Court's order directing Kipps to appear for a contempt hearing was not a violation of the stay by Stinavage-Kipps because the Bankruptcy Court reasonably found that Stinavage-Kipps was not responsible for the order.

1

On appeal, Kipps argues that the State Court's order to the Prothonotary violated § 362(a)(1), which forbids "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor" after he files for bankruptcy. The parties focus their briefing on whether the State Court's order was a "ministerial act" that was not subject to the automatic stay. *See In re Soares*, 107 F.3d 969, 973–75 (1st Cir. 1997). But there is an alternative reason why the State Court's order did not violate § 362(a)(1). Whereas § 362(a)(1) generally prohibits the continuation of civil actions, there is a specific exception to the stay for the continuation of civil actions "for the dissolution of a marriage[.]" § 362(b)(2)(A)(iv). Of course, there is an exception to this exception, under which § 362(a)(1) still prohibits such a proceeding if it "seeks to determine the division of property that is property of the estate[.]" § 362(b)(2)(A)(iv). The State Court's order falls within the exception but *not* the exception to the exception, so it did not violate § 362(a)(1). *See TD Bank N.A. v. Hill*, 928 F.3d 259, 276 n.9 (3d Cir. 2019) ("[W]e may affirm on any ground supported by the record as long as the appellee did not *waive*—as opposed to *forfeit*—the issue.").

First, the exception to § 362(a)(1): the State Court's order directing the Prothonotary to execute deeds was a continuation of a civil action "for the dissolution of a marriage[.]" § 362(b)(2)(A)(iv). The parties' civil action for divorce was pending when Kipps filed for

5

bankruptcy, as Kipps himself concedes. *See* Opening Br. 4 ("At the time of the bankruptcy filing, Kipps and [Stinavage-Kipps] were parties to a pending divorce proceeding in the Court of Common Pleas of Susquehanna County (No. 2012-2213-CP)."). The State Court's order directing the Prothonotary to execute deeds was docketed as part of the same civil action for divorce, No. 2012-2213-CP. It was therefore a "continuation" of an action "for the dissolution of a marriage," falling within § 362(b)(2)(A)(iv)'s exception to § 362(a)(1).

Second, the exception to the exception: the State Court's order to the Prothonotary did *not* "seek[] to determine the division of property that is property of the estate[.]" § 362(b)(2)(A)(iv). Regardless of whether the deeds were property of the estate, the State Court's order did not seek to determine the division of any property. In the divorce context, "division of property" refers to the "judgment in a divorce case determining the distribution of the marital property between the divorcing parties." *Property Settlement*, Black's Law Dictionary (9th ed. 2009); *see Division of Property*, Black's Law Dictionary (9th ed. 2009) (redirecting to the definition of "property settlement"). Thus, the State Court's order to the Prothonotary did not "determine" a "division of property" because the property settlement—the Equitable Distribution Order—was already a final judgment. There was nothing left for the State Court to "determine" regarding the division of the marital estate. So the State Court's order did not fall under the exception to the exception under § 362(b)(2)(A)(iv), and therefore did not violate § 362(a)(1).[2]

---

[2] Kipps does not argue that the State Court's order violated any other provisions under § 362(a), so we need not address any of those provisions.

Along with the State Court's order to the Prothonotary, Kipps argues that Stinavage-Kipps violated the automatic stay in connection with the State Court's order directing Kipps to appear for a contempt hearing. On appeal, the parties focus on whether the contempt proceedings were civil or criminal in nature.

Regardless of whether the proceedings were civil or criminal, there is an independent reason to affirm. Kipps is suing Stinavage-Kipps, not the State Court, for violating the automatic stay. Under § 362(k)(1), Kipps must show that Stinavage-Kipps "willful[ly] violat[ed]" the stay, not that the State Court did. The Bankruptcy Court found that Stinavage-Kipps was not responsible for the State Court's order directing Kipps to appear for contempt proceedings, and it repeated this finding in denying Kipps's motion for reconsideration. App. 37 (noting that Kipps's counsel never argued that Stinavage-Kipps "participat[ed]" in the State Court's pursuit of contempt proceedings). Kipps did not challenge this finding in his opening brief on appeal, so he has forfeited any argument to the contrary, and we will affirm on that basis. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

### B

For the Bankruptcy Court's second order, "we review . . . [its] legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *Trans World Airlines*, 145 F.3d at 131.

First, the Bankruptcy Court did not clearly err in denying confirmation of Kipps's Fifth Amended Plan, which would pay out claims over a period longer than three years.

Under § 1322(d)(2), the bankruptcy plan of a below median income debtor "may not provide for payments over a period that is longer than 3 years, unless the court, for cause, approves a longer period[.]" Kipps concedes that this requirement applies to him. And he concedes that the existence of "cause" under § 1322(d)(2) is a question of fact, which we review for clear error. He argues that "cause" for an extended payment period exists here because his Fifth Amended Plan will provide a full recovery to his creditors, "whereas denying the extension will result in the creditors not being made whole." Opening Br. 29. But the Bankruptcy Court found that an extended payment period was not necessary to provide a full recovery to Kipps's creditors because Kipps's bankruptcy schedules showed that he possessed over $1.7 million in assets, such that he could liquidate those assets to pay all claims within three years. On appeal, Kipps fails to adequately challenge this finding, asserting flatly that "[a] plan limited to three years will only be funded in the amount of $3,600.00." Opening Br. 31. But he does not point to any evidence to support that proposition. Accordingly, he fails to demonstrate that the Bankruptcy Court's denial of his Fifth Amendment Plan was "completely devoid of minimum evidentiary support." *Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 353 (3d Cir. 2002) (quoting *Hoots v. Pennsylvania*, 703 F.2d 722, 725 (3d Cir. 1983)). So we must "accept" the Bankruptcy Court's "factual determination" and affirm. *Id.*

Second, the Bankruptcy Court properly overruled Kipps's objection to Stinavage-Kipps's bankruptcy claim. Stinavage-Kipps filed a claim for $419,871.09, the cash value awarded to her under the Equitable Distribution Order, plus interest. Kipps objected to her claim under 11 U.S.C. § 502, arguing that the value of her claim should be reduced.

8

He argues that the value of the property covered by the Equitable Distribution Order increased from 2017, when the Order was issued, to 2019, when the deeds were executed by the Prothonotary, such that the value of Stinavage-Kipps's claim should be reduced in lockstep with the increase in property value. As the Bankruptcy and District Courts observed, Kipps is attempting to relitigate the terms of the Equitable Distribution Order. But under Pennsylvania law, Kipps's obligations to Stinavage-Kipps under the Equitable Distribution Order were fixed on "the date the common pleas court enter[ed] [the] order of distribution, and . . . the disposition date of post-trial motions or appeals does not affect the use of that original date as the valuation point." *Sutliff v. Sutliff*, 518 Pa. 378, 388 (1988) (McDermott, J., concurring). Kipps has not identified any caselaw supporting a bankruptcy court's power to modify a state court judgment like the Equitable Distribution Order. He therefore has not "produce[d] evidence sufficient to negate the *prima facie* validity of the filed claim," so the Bankruptcy Court did not err in overruling his objection. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

Finally, the Bankruptcy Court did not abuse its discretion in granting Stinavage-Kipps relief from the automatic stay to pursue her rights under the Equitable Distribution Order. Under § 362(d)(1), a bankruptcy court shall grant relief from the stay under § 362(a) "for cause, including the lack of adequate protection of an interest in property[.]" A bankruptcy court has "wide latitude . . . to balance the equities when granting relief from the automatic stay." *In re Myers*, 491 F.3d 120, 130 (3d Cir. 2007). Here, the Bankruptcy Court found that "cause" for relief existed because of Kipps's refusal to comply with the Equitable Distribution Order and his failure to submit a confirmable plan. Kipps contends

9

that the Bankruptcy Court abused its discretion, but he relies on an argument that we have already rejected. He argues that he "proposed a plan which paid [Stinavage-Kipps] 100% of her claim," such that granting Stinavage-Kipps relief would "deny [him] the opportunity to successfully complete his plan." Opening Br. 43. This argument necessarily fails because we are affirming the Bankruptcy Court's decision not to confirm Kipps's plan. Because Kipps failed to submit a confirmable plan, the Bankruptcy Court did not abuse its discretion in exercising its "wide latitude" to grant relief from the automatic stay. *Myers*, 491 F.3d at 130.

* * *

For these reasons, we will affirm the District Court's orders.